```
              UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

JOHN W. SPENCE,

      Plaintiff,

v.                                  Case No. 8:12-cv-2794-T-33TGW

BANK OF AMERICA, N.A.
and FANNIE MAE REMIC TRUST
SERIES 2008-47 TRUST,

      Defendants.
_____/

## ORDER

This cause comes before the Court in consideration of Defendants' Motion to Dismiss (Doc. # 9), filed on January 28, 2013. Plaintiff filed a response in opposition to the Motion (Doc. # 10) on February 11, 2013. For the reasons that follow, the Court grants the Motion.

## I. Background

In the spring of 2008, Plaintiff John Spence obtained a loan of $255,937.00 from Defendant Bank of America, N.A. and executed a promissory note to the Bank for that amount, secured by a mortgage on certain real property. (Doc. # 1-2 at 5, 25). Spence now alleges that, due to an ineffective "transfer of ownership and security interest" in the note and mortgage to Defendant "Fannie Mae Remic

Trust Series 2008-47 Trust," neither the Bank nor the Trust has "any claim of title or security interest" in the subject property. (Doc. # 1 at ¶¶ 2, 3).

Accordingly, Spence filed this action on December 11, 2012, asserting causes of action including quiet title (Count I), declaratory relief under 28 U.S.C. § 2201 (Count II), and fraud (Count III). Id. at ¶ 1. On January 28, 2013, Defendants filed a Motion to Dismiss premised on Rules 12(b)(6) and 8(a) of the Federal Rules of Civil Procedure. (Doc. # 9).

## II. Legal Standard

A complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing a motion to dismiss, a trial court accepts as true all factual allegations in the complaint and construes the facts in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Bell Atlantic Corp. v. Twombly, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007) (internal citations omitted).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

The Court notes that the present Motion to Dismiss has not been converted into a motion for summary judgment in accordance with Federal Rule of Civil Procedure 12(c) because the Court has not considered matters outside the pleadings. "Rule 7(a) defines 'pleadings' to include both the complaint and the answer, and Rule 10(c) provides that

3

'[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.'" <u>Horsley v. Feldt</u>, 304 F.3d 1125, 1134 (11th Cir. 2002) (quoting Fed. R. Civ. P. 7(a) and 10(c)). Thus, the Court may consider the various exhibits attached to the Complaint without converting the Motion to Dismiss into one for summary judgment.

### III. Discussion

Spence's Complaint explains that "[t]his Court has original jurisdiction over the claims in this action based on 28 U.S.C. §§ 1331, 1343, 2201, 2202, 15 U.S.C. § 1692, 12 U.S.C. § 2605, and 42 U.S.C. § 1983." (Doc. # 1 at ¶ 9). However, not all of these statutes -- particularly 28 U.S.C. § 1343 and 42 U.S.C. § 1983, which apply to civil rights violations -- appear to be relevant to the instant action. Indeed, Spence, who is represented by counsel, does not attempt to state a civil rights violation of any sort at any subsequent point in the Complaint.

In fact, despite his contention that 28 U.S.C. § 1331 applies to this case, Spence has neglected to state a cause of action arising under the U.S. Constitution or any federal statute. Although Count II of the Complaint seeks declaratory relief under 28 U.S.C. § 2201, that statute

4

alone does not confer jurisdiction upon a federal court absent some federal question or diversity of citizenship. See Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950) ("The operation of the Declaratory Judgment Act is procedural only. Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction.") (internal quotations and citations omitted).

Spence has attempted to allege that diversity jurisdiction is appropriate in this case. (Doc. # 1 at ¶ 11). However, "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (finding no jurisdiction on diversity grounds where the plaintiff did "not allege the citizenship of the natural defendants or the principal place of business for the corporate defendants"); see also Molinos Valle Del Cibao v. Lama, 633 F.3d 1330, 1342 n.12 (11th Cir. 2011) ("Ordinarily, the complaint must allege the citizenship, not residence, of the natural defendants."). Spence refers to himself as "an individual residing in the City of Sarasota." (Doc. # 1 at ¶ 13).

5

Because Spence has neglected to allege his citizenship, diversity has not been properly established.

In addition to the defects already mentioned, the Court notes that the Complaint contains seemingly self-contradictory and nonsensical factual allegations. For instance, in the Complaint, Spence claims that "Bank of America, N.A. is now out of business and is no longer an operating company" (a claim characterized by Defendants as "patently absurd" (Doc. # 9 at 8)), yet Spence also claims that he "has been receiving mortgage statements from Bank of America, N.A." apparently despite its alleged dissolution. (Doc. # 1 at ¶¶ 24, 25). In response to Defendants' Motion to Dismiss, Spence "admits to the oversight while reviewing his complaint . . . that it stated that Defendant Bank of America, N.A. is out of business." (Doc. # 10 at ¶ 3). However, Spence's response hardly clarifies his illogical Complaint; the response refers, repeatedly, to events involving the Bank's transfer of Spence's note and mortgage that allegedly occurred during 2000 and 2006 -- long before the March 29, 2008, date that Spence himself alleges the Bank issued the original loan. (Doc. # 10 at ¶¶ 7, 8, 12, 17, 18, 19, 23).

6

Adding to the confusion, the Court notes that Counts I and II of the Complaint appear to be predicated on Spence's subsequently-corrected statement that Bank of America, N.A. is "out of business." (Doc. # 1 at ¶¶ 38, 44). Although Spence describes his previous assertion as an "error of the scrivener and a mere oversight of the Plaintiff," Spence has not clarified to what extent the erroneous inclusion of this statement impacts the causes of action alleged in Counts I and II. (Doc. # 10 at ¶ 3).

Furthermore, the Complaint is replete with conclusory allegations such as "[Defendant] Trust never received the legal right or ownership of Plaintiff's promissory note" and "Bank of America, N.A. is not legally entitled to receive any mortgage payments." (Doc. # 1 at ¶¶ 47, 49). These statements further obfuscate Spence's claims and undermine the purpose of Rules 8 and 10 of the Federal Rules of Civil Procedure, which "require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading." Perez v. Indymac FSB, No. 6:12-cv-1146-Orl-28TBS, 2012 U.S. Dist. LEXIS 158403, at *10 (M.D. Fla. Nov. 5, 2012).

7

Additionally, in Count III, Spence fails to specify any sort of time frame during which the alleged fraud occurred, other than "after the origination of Plaintiff's loan [on March 29, 2008]." (Doc. # 1 at ¶ 47). Because fraud claims are subject to Federal Rule of Civil Procedure 9(b)'s heightened pleading requirements, Count III of Spence's Complaint is required to include

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1237 (11th Cir. 2008) (internal quotations omitted). Count III falls short of Rule 9(b)'s requirements.

For the reasons explained above, the Court grants Defendants' Motion to Dismiss. Spence's Complaint is dismissed without prejudice, and the Court grants Spence leave to amend the Complaint to state a claim, if possible.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants' Motion to Dismiss (Doc. # 9) is **GRANTED**. Plaintiff may file an amended complaint on or before February 26, 2013.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of February, 2013.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record